UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**FRED D. DOUTY,**

       **Plaintiff,**

v.                                                                 Case No. 2:13-cv-32832

**DAVID BALLARD, Warden, et al.,**

       **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the plaintiff's Motion for Preliminary Injunction (ECF No. 5). For the reasons stated herein, it is respectfully **RECOMMENDED** that the Motion for Preliminary Injunction (ECF No. 5) be **DENIED**.

## PROCEDURAL HISTORY

On December 20, 2013, the plaintiff filed his initial Complaint (ECF No. 1), in which he attempted to bring a class action under 42 U.S.C. § 1983, alleging violations of the plaintiff's and other similarly situated inmates' rights under the Eighth Amendment based upon the alleged widespread use of excessive force via chemical agents and other "riot-type" instruments against inmates housed in the segregation unis at the Mount Olive Correctional Complex ("MOCC"). The plaintiff's Complaint further alleges

violations of his right to freedom of speech guaranteed by the First Amendment based upon alleged retaliation by staff at MOCC for the plaintiff's filing of grievances.

On February 7, 2014, the plaintiff filed an Amended Complaint (ECF No. 8). The plaintiff had determined that he could not pursue this matter as a class action, and that he wished to proceed only on his own behalf. The Amended Complaint (ECF No. 12) is the document upon which this matter is now proceeding.

The Amended Complaint names the following defendants: Jim Rubenstein, Commissioner, West Virginia Division of Corrections; David Ballard, Warden, MOCC; Paul Perry, Associate Warden of Security; Ronnie Williams, Captain; Daniel Hahn, Lieutenant; Andrew Hudson, Corporal; Joshua Hypes, Correctional Officer II; Chris Hess, Corporal; Nicholas Boychuck, Correctional Officer; and Sergeant Joe Wimmer, all of whom are sued in their individual and official capacities. The Amended Complaint focuses on the plaintiff's allegations that, on September 2, 2013, he was subjected to use of excessive force when he was sprayed with a chemical agent while he was locked in his isolated segregation cell and not a threat to the security of the prison. The Amended Complaint alleges claims under the Eighth Amendment based upon deliberate indifference to a serious risk of harm to the plaintiff, failure to protect the plaintiff from harm, and supervisory liability, and also appears to allege that the defendants' conduct constitutes an assault and battery under West Virginia law. The plaintiff's Amended Complaint seeks monetary damages, as well as declaratory and injunctive relief.

On December 31, 2013, the plaintiff filed a Motion for Preliminary Injunction (ECF No. 5), a Declaration (ECF No. 6) and a Memorandum of Law in support thereof (ECF No. 7). That motion is the subject of this Proposed Findings and Recommendation.

The plaintiff's Motion for Preliminary Injunction (ECF No. 5) asserts that the "defendants as a whole have and continue to violate plaintiff's constitutional rights." (*Id.* at 1). The plaintiff seeks injunctive relief requiring the defendants to: (1) stop implementing and enforcing "martial law;" (2) stop using force on non-violent, non-threatening prisoners; (3) consult with mental health before using force on mentally ill inmates housed in Quilliams Units; and (4) stop use of force, via chemical agents and other riot weaponry on inmates locked in a single man cell. (*Id.*)

The plaintiff contends that he will suffer irreparable injury without an injunction, because the:

> Defendants have implemented and are enforcing a policy in which MOCC Quilliams Units are under Martial Law. This protocol allows guards discretion when using chemical agents on prisoners, removing safe-guard protections of the Eighth Amendment's Cruel and Unusual Punishment Clause. The plaintiff is only one of hundreds battered, leaving him physically and mentally suffering – future assault and batteries are possible at the moment.

(*Id.* at 1-2). The plaintiff's motion further alleges that "[s]ince the inception of Martial Law, guards play games to see who can spray the most inmates in one day" and "openly tell prisoners they have been given a license to freely spray inmates." (*Id.* at 2). Thus, the plaintiff asserts that, if an injunction is not granted, "the plaintiff and others alike will continued to be battered via chemical agents at the hands of malicious and sadistic guards inflicting physical and mental pain and suffering upon them." (*Id.*)

The plaintiff further contends that he will suffer more without such an injunction than the defendants will suffer if the injunction is granted because the plaintiff is being forced to live in an environment run by a prison administration that condones excessive use of force, and that it is in the public's interest that the defendants be required to obey

3

the law. (*Id.* at 3). Thus, the plaintiff asserts that he has a great likelihood of succeeding on the merits of his claims. (*Id.* at 3).

The plaintiff has filed his own declaration detailing the conduct that he believes to be violative of his constitutional rights. (ECF No. 6). The plaintiff has also filed a Memorandum of Law in support of his motion, in which he asserts that his circumstances meet the rigorous standard for granting preliminary injunctive relief. (ECF No. 7). Additionally, these documents assert that the plaintiff should also be granted a Temporary Restraining Order.

The plaintiff contends that he is threatened with irreparable harm through the continued deprivation of his rights because he has "been battered by prison staff who used chemical agents, causing first degree chemical burns covering his body," which, the plaintiff asserts, clearly violates the Eighth Amendment. (ECF No. 7 at 3-4). The plaintiff further contends that he is threatened with irreparable harm so long as the prison administration continues to implement "Martial Law" and "allowing staff discretion on the use of chemical agents and other riot control weaponry." (*Id.* at 4).

Concerning the balance of hardships on the parties by the granting of an injunction, the plaintiff states:

> In this case, the present suffering of the plaintiff and his potential suffering of physical and mental torment are enormous. The "sufferings" the defendants will experience if the Court grants the order will consist of contacting mental health to speak with plaintiff, who was diagnosed with major psychological disorders, before using force via chemical agents – something that the defendants do, and are obligated to do, for members of the prison population on a daily basis. The defendants' hardship amounts to no more than business as usual.

(*Id.* at 4-5). Finally, the plaintiff asserts that he has a great likelihood of success on the merits because the malicious and sadistic implementation and authorization of the use

4

of excessive force was specifically singled out by the Supreme Court as an example of "deliberate indifference " to prisoners' health and safety. *Hudson v.* McMillian, 503 U.S. 1, 6 (1992). Thus, the plaintiff believes that the conduct of the defendants clearly violates the Eighth Amendment and that forcing prison officials to comply with the law serves the public interest. (*Id.* at 5-6).

## **STANDARD OF REVIEW**

### *Temporary Restraining Orders and Preliminary Injunctions*

Rule 65(b) of the Federal Rules of Civil Procedure permits the issuance of a Temporary Restraining Order, without notice to the adverse party, only if "specific facts in an affidavit or a verified complaint clearly show that the immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Rule 65(a) provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The remainder of the rule addresses the procedure for a hearing on motions for a preliminary injunction and the scope of any such injunction. *Id.*

In 2009, the United States Court of Appeals for the Fourth Circuit revisited the applicable standard of review for preliminary injunctions in the case of *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*")[1], in light of the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed.2d 249 (2008). As noted by the *Real Truth* Court:

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust*

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. *See* 575 F.3d at 345-347.

> *Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997)(per curiam). * * *
>
> In its recent opinion in *Winter*, the Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374. And all four requirements must be satisfied. *Id.* Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46.

The *Real Truth* decision emphasizes that "the *Winter* requirement that the plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than the [*Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." *Id.* at 346-47. The *Real Truth* further distinguishes the *Winter* standard from the old *Blackwelder* standard because it no longer requires the court to balance the irreparable harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and that the court must pay particular attention to the public consequences in employing the extraordinary remedy of an injunction. The Court again emphasized that <u>all four</u> factors must be met in order to justify this extraordinary relief. *Id.* at 347. Thus, the Court stated that the

6

standard articulated in *Winter* would henceforth govern the issuance of preliminary injunctions in the all federal courts. *Id.*

## ANALYSIS

Although, once served with process, the defendants will be called upon to respond to the allegations in the plaintiff's Amended Complaint (ECF No. 8), the plaintiff's request for preliminary injunctive relief is speculative. As noted by the defendants, the plaintiff relies primarily on actions taken in the past and has only asserted theoretical future injury. A mere possibility of harm will not suffice to support the granting of a preliminary injunction. *Winter*, 555 U.S. at 21. Thus, at present, the plaintiff has not clearly shown that he is likely to succeed on the merits of his claims, or that he is likely to be irreparably harmed without preliminary injunctive relief. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated the need for either a Temporary Restraining Order or a Preliminary Injunction under the circumstances.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion for Preliminary Injunction (ECF No. 5).

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with

the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff.

August 7, 2014

_____
Dwane L. Tinsley
United States Magistrate Judge