```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

FRED D. DOUTY,

    Plaintiff,

v.                                    Civil Action No. 2:13-32832

JIM RUBENSTEIN, Commissioner,
W. Va. Division of Corrections, and
DAVID BALLARD, Warden,
Mt. Olive Correctional Complex, and
PAUL PERRY, Associate Warden of Security,
Mt. Olive Correctional Complex, and
RONNIE WILLIAMS, Captain,
Mt. Olive Correctional Complex, and
DANIEL HAHN, Lieutenant,
Mt. Olive Correctional Complex, and
ANDREW HUDSON, Corporal,
Mt. Olive Correctional Complex, and
JOSHUA HYPES, Correctional Officer,
Mt. Olive Correctional Complex, and
CHRIS HESS, Corporal,
Mt. Olive Correctional Complex, and
NICHOLAS BOYCHUCK, Correctional Officer,
Mt. Olive Correctional Complex, and
SERGEANT JOE WIMMER, Sergeant,
Mt. Olive Correctional Complex,

    Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>


       Pending is the plaintiff's motion for a preliminary injunction, filed December 31, 2013.  The operative pleading is plaintiff's amended complaint, filed February 7, 2014.

This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, who has submitted his Proposed Findings and Recommendations ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  The magistrate judge recommends that the motion for a preliminary injunction be denied.

On August 7, 2014, the PF&R was filed.  On August 25, 2014, plaintiff filed his objections.  Plaintiff contends that he will suffer irreparable injury if he is not granted a preliminary injunction.  The objections contain the plaintiff's version of instances involving the use of excessive force at Mount Olive Correctional Center.

As noted in the PF&R, plaintiff is obliged to satisfy a rigorous burden.  That is so inasmuch as "[a] preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)).  Among other factors, the plaintiff must "clear[ly] show" that he is likely to succeed on the merits.  Id. (quoting Winter, 555 U.S. at 21).

In this case, plaintiff has not made the required clear showing that he is likely to succeed on the merits. The defendants have not yet had the opportunity to respond to the request for extraordinary relief. This defect alone would preclude the court from granting the motion for preliminary injunction, apart from satisfaction of the standards discussed in <u>Dewhurst</u> and <u>Winter</u> inasmuch as plaintiff has not directed the court to where he has provided notice to the defendants of the relief sought. <u>See</u> Fed. R. Civ. P. 65 ("The court may issue a preliminary injunction only on notice to the adverse party."); <u>First Technology Safety Systems, Inc. v. Depinet</u>, 11 F.3d 641, 650 (6th Cir. 1993) ("The only type of injunctive relief that a district court may issue <u>ex parte</u> is a temporary restraining order.")

Following a <u>de novo</u> review, and having concluded that the objections lack merit, it is ORDERED that the PF&R be, and it hereby is, adopted and incorporated herein. It is further ORDERED that the motion for a preliminary injunction be, and hereby is, denied without prejudice. The case is recommitted to the magistrate judge pursuant to the terms of the previously entered standing order.

**The Clerk is directed to send a copy of this written opinion and order to counsel of record and plaintiff.**

                               **ENTER:   August 29, 2014**

                               **John T. Copenhaver, Jr.**
                               **United States District Judge**