## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | | |
|---|---|---|
| **FRED D. DOUTY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 2:13-32832** |
| | ) | |
| **JIM RUBENSTEIN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's "Motion and Brief in Support for Compelling Discovery and Sanctions" (Document No. 40.), filed on November 7, 2014. Having thoroughly considered the issues raised by this Motion, the undersigned concludes that Plaintiff's Motion (Document No. 40.) should be denied.

### PROCEDURAL BACKGROUND

On December 20, 2013, Plaintiff, acting *pro se,* filed his Motion to Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief pursuant to Title 42 U.S.C. § 1983. (Document Nos. 1 and 2.) In his Complaint, Plaintiff first alleges that Defendants violated his, and other similarly situated inmates', rights under the Eighth Amendment by applying excessive force through use of chemical agents and other "riot-type" instruments while inmates were housed in segregation. (Document No. 1.) Plaintiff also alleges that Defendants violated his First Amendment rights by retaliating against him for filing grievances. (Id.) On December 31, 2013, Plaintiff filed his Motion for Preliminary Injunction, Declaration, and Memorandum in Support. (Document Nos. 5 - 7.)

On February 7, 2014, Plaintiff filed his Amended Complaint. (Document No. 8.) In his

Amended Complaint, Plaintiff recognized that he could not pursue this matter as a class action and stated that he wished to proceed only on his own behalf. (Id.) In his Amended Complaint, Plaintiff named the following as defendants: (1) Jim Rubenstein, Commissioner of the West Virginia Division of Corrections; (2) David Ballard, Warden of Mount Olive Correctional Complex ["MOCC"]; (3) Paul Perry, Associate Warden of Security; (4) Ronnie Williams, Captain; (5) Daniel Hahn, Lieutenant; (6) Andrew Hudson, Corporal; (7) Joshua Hypes, Correctional Officer II; (8) Chris Hess, Corporal; (9) Nicholas Boychuck, Correctional Officer; and (10) Sergeant Joe Wimmer. (Id.) Plaintiff complains that on September 2, 2013, Defendants subjected him to excessive force by spraying him with chemical agents when he was not a threat to security and was locked in his isolated segregation cell. (Id.) Plaintiff further alleges that Defendants' conduct constituted deliberate indifference to his health and safety, and resulted in an assault and battery under West Virginia law. (Id.) As relief, Plaintiff requests monetary damages and declaratory and injunctive relief. (Id.)

By Order entered on August 7, 2014, United States Magistrate Judge Dwane L. Tinsley granted Plaintiff's Motion to Proceed Without Prepayment of Fees and directed the Clerk to issue process in this case by preparing and serving a Summons and a copy of Plaintiff's Amended Complaint upon the Defendants. (Document No. 15.) By Proposed Findings and Recommendation also entered on August 7, 2014, Judge Tinsley recommended that Plaintiff's Motion for Preliminary Injunction be denied. (Document No. 16.) Plaintiff filed his Objections on August 25, 2014. (Document No. 28.) Defendants filed their Answer on August 28, 2014. (Document No. 29.) By Memorandum Opinion and Order entered on August 29, 2014, United States District Judge John T. Copenhaver, Jr., adopted Judge Tinsley's recommendation and denied Plaintiff's Motion for

Preliminary Injunction. (Document No. 30.)

On November 7, 2014, Plaintiff filed his "Motion and Brief in Support for Compelling Discovery and Sanctions." (Document No. 40.) Plaintiff contends that Defendants have failed to respond to his First Request for Production of Documents and his "First Set of Interrogatories and Second Request for Production of Documents." (Id., pp. 1 - 2.) Plaintiff explains that he served Defendants with his First Request for Production of Documents and Request for Admissions for Defendant Andrew Hudson on September 2, 2014. (Id., p. 1.) Plaintiff states that on September 25, 2014, he served Defendants with his "First Set of Interrogatories and Second Request for Production of Documents" and Request for Admissions for Defendants Rubenstein, Ballard, Perry, Williams, Hahn, Hess, Hypes, Boychuck, and Wimmer. (Id., pp. 1 - 2.) Plaintiff claims that Defendants responded to the Request for Admissions for Defendant Hudson on October 2, 2014, but Defendants failed to respond to his First Request for Production of Documents. (Id.) Plaintiff acknowledges that on October 28, 2014, Defendants Responded to his Request for Admissions for Defendants Rubenstein, Ballard, Perry, Williams, Hahn, Hess, Hypes, Boychuck, and Wimmer. (Id., p. 2.) Plaintiff, however, complains that Defendants did not respond to his "First Set of Interrogatories and Second Request for Production of Documents." (Id.) Plaintiff contends that he properly conferred with Defendants prior to filing this Motion. (Id., p. 6.) Therefore, Plaintiff requests that this Court enter an "order compelling discovery" and imposing sanctions. (Id., pp. 6 - 7.)

As Exhibits, Plaintiff attaches the following: (1) A copy of Plaintiff's "First Request for Production of Documents, Electronically Stored Information, or Tangible Things" dated September 2, 2014 (Document No. 40-1.); (2) A copy of Plaintiff's "First Set of Interrogatories and Second Request for Production of Documents, Electronically Stored Information, or Tangible Things" dated

September 24, 2014 (Document No. 40-2.); and (3) A copy of a letter addressed to defense counsel dated October 13, 2014, regarding Defendants' failure to respond to Plaintiff's Request for Production of Documents dated September 2, 2014 (Document No. 40-3.).

On November 14, 2014, Defendants filed their Response in Opposition to Plaintiff's "Motion and Brief in Support for Compelling Discovery and Sanctions." (Document No. 44.) First, Defendants state that they received Plaintiff's First Request for Production of Documents on or about September 8, 2014, and Defendants filed their Responses on October 14, 2014. (Id., p. 1.) Defendants explain that they mailed Plaintiff an additional copy of their Response upon receipt of Plaintiff's above Motion. (Id.) Second, Defendants acknowledge that they were late filing their Responses to Plaintiff's First Set of Interrogatories and Second Set of Requests for Production of Documents. (Id.) Defendants explain that they were acting in "good faith" and "were assembling all of the documents that were responsive to Plaintiff's requests." (Id., pp. 1 - 2.) Defendants note that they "did not file any objections to these particular discovery requests, and the Plaintiff now has all of the documents which are responsive to these particular discovery requests." (Id.) Finally, Defendants contend that Plaintiff is incorrect when he suggests that he "'in good faith conferred or attempted to confer' with his adversary in an attempt to resolve this dispute." (Id., p. 2.) Although Defendants acknowledge that Plaintiff sent a letter inquiring about the responses to his First Set of Requests for Production of Documents, Defendants contend they had already electronically filed their Response prior to the receipt of the letter. (Id.) Defendants state that Plaintiff never attempted to confer regarding his First Set of Interrogatories and Second Request for Production of Documents. (Id.) Defendants, therefore, argue Plaintiff's Motion should be denied because Plaintiff "now has the discovery responses to all of the Interrogatories, Requests for Production and Admissions he has

filed to date." (Id.)

As Exhibits, Defendants attached the following: (1) A copy of a letter addressed to Plaintiff from defense counsel dated November 10, 2014 (Document No. 44-1, p. 1.); (2) A copy of "Defendants' Responses to Plaintiff's First Request for Production of Documents" which were attached to the letter dated November 10, 2014 (Id., pp. 2 - 7.).

By Order entered on November 12, 2014, the above civil action was transferred from Judge Tinsley to the undersigned for total pretrial management and submission of proposed findings of fact and recommendations for disposition. (Document No. 42.) By Scheduling Order filed on November 19, 2014, the undersigned directed that all discovery requests be completed by March 19, 2015, and all dispositive motions be filed by April 20, 2015. (Document No. 46.)

## STANDARD

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as presented in pleadings through which the claims and defenses are validated, defined and shaped and issues are sharpened and refined for consideration at the dispositive motion stage and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of the Rules undermines the process.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Discovery is generally limited therefore to nonprivileged information which is relevant to any party's claims or defenses, and relevant information is information which is admissible at trial or might reasonably lead to the discovery of information which is admissible at trial. See State ex rel. Erie Ins. Property and Cas. Co. v. Mazzone, 218 W.Va. 593, 596, 625 S.E.2d 355, 358 (2005)("A threshold issue regarding all discovery requests is relevancy. This is so because '[t]he question of the relevancy of the information sought through discovery essentially involves a determination of how substantively the information requested bears on the issues to be tried.'" quoting Syllabus Point 4 of State Farm Mut. Auto. Ins. Co. v. Stephens, 188 W.Va. 622, 425 S.E.2d 577 (1992).)

When parties request relevant nonprivileged information in Interrogatories under Rules 33, their request "must be answered:(A) by the party to whom they are directed." Fed.R.Civ.P. 33(b)(1). Federal Rule of Civil Procedure 33(b)(3) through (5) state further as follows:

> **(3) *Answering Each Interrogatory.*** Each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
> **(4) *Objections.*** The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.
> **(5) *Signature.*** The person who makes the answers must sign them, and the attorney who objects must sign any objections.

"Generic non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering." Vica Coal Co., Inc., v. Crosby, 212 F.R.D. 498, 503 (S.D.W.Va. 2003). The Court requires strict adherence to these Rules. Saria v. Massachusetts Mutual Life Insurance Company, 228 F.R.D. 536, 538 (S.D.W.Va. 2005).

When parties request relevant nonprivileged information in a Request for Production or

6

Inspection of Documents under Rule 34, "[t]he party to whom the request is directed must respond in writing . . .." Fed.R.Civ.P. 34(b)(2)(A). Federal Rule of Civil Procedure 34(b)(2)(B) and (C) provide as follows:

> **(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.
> **(C)** *Objections.* An objection to part of a request must specify the part and permit inspection of the rest.

Objections to Rule 34 requests must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable. <u>Frontier-Kemper Constructors, Inc., v. Elk Run Coal Company, Inc.,</u> 246 F.R.D. 522, 528 - 529 (S.D.W.Va. 2007).

The Rules anticipate that each objection to a discovery request will state precisely why the request is objectionable in view of the claims and defenses presented in the litigation. In most if not all cases, an objection to a discovery request in conformity with the Rules will contain (1) a recital of the parties' claims and defenses, (2) a summary of the applicable statutory and/ or case law upon which the parties' claims and defenses are predicated including the elements of each claim or defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any limitations upon discovery in the same or a similar type of case and (4) a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or interposed for an improper purpose. Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections. <u>Sabol v. Brooks</u>, 469 F.Supp.2d 324, 328 (D.Md. 2006).

Pursuant to Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)

relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness

of any described documents." Fed.R.Civ.P. 36(a)(1). Federal Rule of Civil Procedure 36(a)(4) and

(5) provide as follows:

> **(4) Answer.** If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonably inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

> **(5) Objections.** The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

Additionally, Rule 36(a)(6) allows a party who has served a request for admission to move the court

"to determine the sufficiency of an answer or objection. Unless the court finds an objection justified,

it must order that an answer be served." Fed.R.Civ.P. 36(a)(6).

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in

discovery, "[o]n notice to other parties and all affected persons, a party may move for an order

compelling disclosure or discovery. The motion must include a certification that the movant has in

good faith conferred or attempted to confer with the person or party failing to make disclosure or

discovery in an effort to obtain it without court action." Rule 37(a)(4) provides that an incomplete

answer or response "must be treated as a failure to . . . answer, or respond." Rule 37 (a)(5)(A) – (C)

provide as follows:

> **(A)** *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this

8

payment if:

      (i)       the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

      (ii)      the opposing party's nondisclosure, response, or objection was substantially justified; or

      (iii)     other circumstances make an award of expenses unjust.

**(B)** *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

**(C)** *If the Motion is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion.

## <u>ANALYSIS</u>

First, the undersigned will consider Plaintiff's claim that Defendants failed to respond to his First Request for Production of Documents. In Response, Defendants contend that they properly Responded to Plaintiff's above discovery request. A review of the record reveals that Defendants filed their Certificate of Service regarding their Responses to Plaintiff's First Request for Production of Documents on October 14, 2014. (Document No. 38.) Furthermore, Defendants mailed Plaintiff an additional copy of their Responses after receiving Plaintiff's Motion to Compel. (Document No. 44-1.) The undersigned, therefore, finds Defendants have appropriately responded to Plaintiff's First Request for Production of Documents.

Second, Plaintiff claims that Defendants failed to respond to his First Set of Interrogatories and Second Request for Production of Documents. The Court will consider whether Plaintiff made a good faith effort to resolve the discovery dispute before filing his above Motion. The record

reveals that Plaintiff mailed defense counsel a letter dated October 13, 2014, requesting that Defendants respond to his First Request for Production of Documents. (Document No. 40-3.) There is no evidence, however, that Plaintiff attempted in good faith to confer with Defendants regarding his First Set of Interrogatories and Second Request for Production of Documents. Rule 37 requires a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The penalty for failing to meet and confer is the inability to recover fees and costs, including attorney's fees. See Fed. R. Civ. P. 37(a)(5)(i); also see Frontier-Kemper Constructors, Inc., 246 F.R.D. at 526("[T]he sanction for failing to meet and confer is the denial of a request for expenses incurred in making a motion, including attorney's fees."). Based upon a review of the record, the Court finds that the parties never met and conferred as to Plaintiff's First Set of Interrogatories and Second Request for Production of Document regarding the actual issues in dispute in an attempt to obtain the discovery material without Court action. The undersigned further notes that Defendants filed their Certificate of Service regarding their Responses to Plaintiff's First Set of Interrogatories and Second Request for Production of Documents on November 13, 2014. (Document No. 43.) Although Defendants acknowledge that their Response was late, Plaintiff does not dispute that he received Defendants' Response subsequent to the filing of his Motion. Accordingly, it is hereby **ORDERED** that Plaintiff's "Motion and Brief in Support for Compelling Discovery and Sanctions" (Document No. 40.) is **DENIED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within 14 days. If objections are filed, the District Court, United States District Judge John T. Copenhaver,

Jr. presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: December 8, 2014.

R. Clarke VanDervort
United States Magistrate Judge

11