```
                  UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF WEST VIRGINIA

                           AT CHARLESTON


FRED D. DOUTY,

     Plaintiff,


v.                                    Civil Action No. 2:13-32832


JIM RUBENSTEIN, Commissioner,
W. Va. Division of Corrections, and
DAVID BALLARD, Warden,
Mt. Olive Correctional Complex, and
PAUL PERRY, Associate Warden of Security,
Mt. Olive Correctional Complex, and
RONNIE WILLIAMS, Captain,
Mt. Olive Correctional Complex, and
DANIEL HAHN, Lieutenant,
Mt. Olive Correctional Complex, and
ANDREW HUDSON, Corporal,
Mt. Olive Correctional Complex, and
JOSHUA HYPES, Correctional Officer,
Mt. Olive Correctional Complex, and
CHRIS HESS, Corporal,
Mt. Olive Correctional Complex, and
NICHOLAS BOYCHUCK, Correctional Officer,
Mt. Olive Correctional Complex, and
SERGEANT JOE WIMMER, Sergeant,
Mt. Olive Correctional Complex,

          Defendants.
```

MEMORANDUM OPINION AND ORDER

Pending is plaintiff Fred Douty's appeal of an order entered by the United States Magistrate Judge on December 8,

2014, filed December 22, 2014, and his motion for a status hearing concerning his appeal, filed February 18, 2015.[1]

On December 8, 2014, the magistrate judge entered an order denying Mr. Douty's "Motion and Brief in Support for Compelling Discovery and Sanctions." The magistrate judge concluded that defendants (1) responded timely to plaintiff's first request for production of documents, and (2) responded, albeit late, to his first set of interrogatories and second request for production of documents. The circumstances then before the magistrate judge did not require him to take up the substance of the discovery disputes surrounding the first

---

[1] Inasmuch as the within ruling resolves the instant appeal, a status hearing is unnecessary. It is ORDERED that the motion for a status hearing be, and hereby is, denied.

It is further noted that on January 14, 2015, there was filed herein a letter from Mr. Douty dated January 12, 2015, addressed to the undersigned judge, with a copy to defense counsel, regarding discovery issues related to those dealt with by the within order. The court has reviewed the letter.

The letter also contends that defense counsel "has filed <u>ex parte</u> responses and certificate of serves [sic] with the court . . . ." (Ltr. at 2). The court has audited those responses and certificates of service, all of which appear to reflect service upon Mr. Douty. It may be, however, that defense counsel mistakenly concluded that service was accomplished electronically through the CM/ECF system, as outlined in section 9.3 of the Administrative Procedures for Electronic Case Filing ("Procedures"). In <u>pro se</u> cases, however, counsel "must serve . . . documents on . . . non-electronic <u>pro se</u> parties by traditional means," in accordance with section 4 of the Procedures. Defense counsel should adopt that course if he has not done so heretofore.

2

request for production of documents.  As to the second set of responses, however, the magistrate judge concluded that Mr. Douty had not, prior to seeking court intervention, met and conferred with defense counsel concerning the dispute.

Federal Rule of Civil Procedure 72(a) governs appeals from rulings of a magistrate judge on nondispositive matters:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. Proc. 72(a) (emphasis added).  The United States Court of Appeals for the Tenth Circuit has observed as follows:

> Rule 72(a), and its statutory companion, see 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order. . . .
>
> In [sum] . . . , the district court was required to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law."

Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006) (emphasis added)(quoted authority omitted).

A decision is clearly erroneous when, following a review of the entire record, a court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).  A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp.2d 1087, 1093 (N.D. Iowa 2008).

In his appeal, Mr. Douty first contends that defendants responded ex parte to his "Motion and Brief in Support for Compelling Discovery and Sanctions."  The defendants' response to that motion, however, attaches a certificate of service certifying it was sent to Mr. Douty. While Mr. Douty requests the court to make inquiry of his place of incarceration concerning his receipt of the response from defendants, it is his obligation to seek that information and, if he so desires, present it to the court for consideration.

Second, Mr. Douty appears to concede, as the magistrate judge noted, that the defendants responded to certain of his requests for production of documents.  He takes issue, however, with the substance of those responses.  For example, he challenges the defendants' assertion that the documents he

requests concerning the use of force are confidential. The court notes that the defendants may not simply label otherwise discoverable material as "confidential" and unilaterally shield it from discovery. If defendants wish to rely upon a recognized privilege for withholding the subject documents, they are directed to file a privilege log, on or before March 5, 2015, in compliance with Federal Rule of Civil Procedure 26(b)(5)(A)(ii). The magistrate judge may then assess whether the claims of privilege are well taken. Absent compliance with the rule, or some recognized ground for nondisclosure, the documents should be produced.

Third, Mr. Douty challenges defendants' response to one request for production in which he sought "electronically stored information from staff, officers, administrator's or bodies concerning investigations, depositions, hearings and/or findings" over a three-year period. (Appeal at 12). The subject time period is too broadly drawn and would, as defendants noted in their response to the request, "include hundreds of pages of documents involving every instance of alleged force used at" the facility. (Appeal at 12-13). For that reason, Mr. Douty's request for production is overbroad and insufficiently tailored.

5

Fourth, Mr. Douty requested the time sheet for defendant Andrew Hudson for September 1 to September 2, 2013. In response, defendant Hudson refers plaintiff to his response to Mr. Douty's request for admission number 23, in which he states that he worked 18 hours during the two-day period. He then notes "there is no reason whatsoever to produce the timecard." (Appeal at 23). Defendant Hudson is required, however, to produce the time sheet inasmuch as it may lead to admissible evidence. See In re ASI Reactivation, Inc., 934 F.2d 1315, 1324 (4th Cir. 1991) ("Discovery is generally permitted if it may lead to admissible evidence."). For example, the time sheet may reveal a variance with defendant Hudson's admission or some other type of information that might warrant further inquiry.

Having reviewed the balance of Mr. Douty's appellate contentions respecting the magistrate judge's order, the court concludes that they are not meritorious. It is, accordingly, ORDERED that the December 8, 2014, order appealed from be, and hereby is, affirmed except that it is modified only to the extent of defendant Hudson's obligation to produce his time sheet and defendants' obligation to produce a privilege log for

review in the event that they continue to withhold otherwise discoverable documents as "confidential."

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: February 20, 2015

John T. Copenhaver, Jr.
United States District Judge