IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| **FRED D. DOUTY,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 2:13-32832 |
| **JIM RUBENSTEIN,** *et al.*, | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's fourth "Motion for Order Compelling Disclosure of Document" (Document No. 123), filed on May 18, 2015. Having thoroughly considered the issues raised by this Motion, the undersigned concludes that Plaintiff's Motion (Document No. 123) should be granted.

## STANDARD

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as presented in pleadings through which the claims and defenses are validated, defined and shaped and issues are sharpened and refined for consideration at the dispositive motion stage and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of the Rules undermines the process.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the

action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Discovery is generally limited therefore to nonprivileged information which is relevant to any party's claims or defenses, and relevant information is information which is admissible at trial or might reasonably lead to the discovery of information which is admissible at trial. See State ex rel. Erie Ins. Property and Cas. Co. v. Mazzone, 218 W.Va. 593, 596, 625 S.E.2d 355, 358 (2005)("A threshold issue regarding all discovery requests is relevancy. This is so because '[t]he question of the relevancy of the information sought through discovery essentially involves a determination of how substantively the information requested bears on the issues to be tried.'" quoting Syllabus Point 4 of State Farm Mut. Auto. Ins. Co. v. Stephens, 188 W.Va. 622, 425 S.E.2d 577 (1992).)

When parties request relevant nonprivileged information in Interrogatories under Rules 33, their request "must be answered:(A) by the party to whom they are directed." Fed.R.Civ.P. 33(b)(1). Federal Rule of Civil Procedure 33(b)(3) through (5) state further as follows:

> **(3)** *Answering Each Interrogatory.* Each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
> **(4)** *Objections.* The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.
> **(5)** *Signature.* The person who makes the answers must sign them, and the attorney who objects must sign any objections.

"Generic non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering." Vica Coal Co., Inc., v. Crosby, 212 F.R.D. 498, 503 (S.D.W.Va. 2003). The Court requires strict adherence to these Rules. Saria v. Massachusetts Mutual Life Insurance Company, 228 F.R.D. 536,

538 (S.D.W.Va. 2005).

When parties request relevant nonprivileged information in a Request for Production or Inspection of Documents under Rule 34, "[t]he party to whom the request is directed must respond in writing . . .." Fed.R.Civ.P. 34(b)(2)(A). Federal Rule of Civil Procedure 34(b)(2)(B) and (C) provide as follows:

> **(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.
> **(C)** *Objections.* An objection to part of a request must specify the part and permit inspection of the rest.

Objections to Rule 34 requests must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable. Frontier-Kemper Constructors, Inc., v. Elk Run Coal Company, Inc., 246 F.R.D. 522, 528 - 529 (S.D.W.Va. 2007).

The Rules anticipate that each objection to a discovery request will state precisely why the request is objectionable in view of the claims and defenses presented in the litigation. In most if not all cases, an objection to a discovery request in conformity with the Rules will contain (1) a recital of the parties' claims and defenses, (2) a summary of the applicable statutory and/ or case law upon which the parties' claims and defenses are predicated including the elements of each claim or defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any limitations upon discovery in the same or a similar type of case and (4) a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or interposed for an improper purpose. Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections. Sabol v. Brooks, 469 F.Supp.2d 324, 328 (D.Md. 2006).

Pursuant to Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1). Federal Rule of Civil Procedure 36(a)(4) and (5) provide as follows:

> **(4) Answer.** If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonably inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> **(5) Objections.** The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

Additionally, Rule 36(a)(6) allows a party who has served a request for admission to move the court "to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served." Fed.R.Civ.P. 36(a)(6).

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(4) provides that an incomplete answer or response "must be treated as a failure to . . . answer, or respond." Rule 37 (a)(5)(A) – (C) provide as follows:

> **(A)** *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).*

4

If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

    (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
    (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
    (iii)    other circumstances make an award of expenses unjust.

**(B)** *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

**(C)** *If the Motion is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion.

## ANALYSIS

**A.**    **Fifth Request for Production of Documents No. 1.**

REQUEST FOR PRODUCTION NO. 1. Any and all grievances, complaints, or other documents received by prison staff, defendants David Ballard and Jim Rubenstein or their agents at Mount Olive Correctional Complex and West Virginia Division of Corrections concerning the use of oleoresin capsicum (OC spray), pepper ball gun, beanbag gun, rubber pellet gun, and/or gas gun on inmates by Defendants Andrew Hudson, Joshua Hypes, Daniel Hahn, Chris Hess, Nicholas Boychuck, and/or Ronnie Williams and any memorandum, investigative files, or other documents created in response to such grievances from September 1, 2012, to September 1, 2014.

RESPONSE: Objection, because any and all grievances filed by any inmate between September 1, 2012, to September 1, 2014, are not categorized by the type of complaint asserted therein, a representative of the Mt. Olive Correctional Complex would have to review and analyze approximately one thousand (1,000) grievances

    to determine which grievances concern the use of Oleoresin Capsicum. Accordingly, this particular request for production is unduly burdensome as it would take a number of weeks to review over 1,000 grievances. As to the remainder of the Request for Production No. 1., this request is irrelevant to this cause of action brought by the Plaintiff herein as neither a pepper ball gun, beanbag gun, rubber pellet gun, or gas gun was used in the subject incident concerning the plaintiff. Moreover, these Defendants have no recollection, upon information or believe, that a grievance has ever been filed concerning the use of a pepper ball gun, beanbag gun, rubber pellet gun, or gas gun on any inmate between September 1, 2012, and September 1, 2014.

  In his Motion to Compel, Plaintiff argues that the requested information is relevant. (Document No. 123.) Specifically, Plaintiff states that "[t]hese grievances and any memoranda, investigative file, or other document created in response to such grievances, are relevant evidence directly related to the parties claims and defenses . . . as they are directly in connection to plaintiff's claims against the supervisory defendants insofar as they pertain to them being put on notice by these documents and plaintiff's claim against defendants of the enforcement of martial law." (Id., p. 2.) Plaintiff notes that in his Complaint, he requested relief "on behalf of excessive force via chemical agents and all other riot crowd control weaponry under martial law." (Id., p. 3.) Plaintiff alleges that although he was "only sprayed with oleoresin capsicum, he was threatened by Mr. Hypes, approximately 10 - 25 minutes after being sprayed, with a 37mm shot gun, also know as a 'beanbag gun' because it can shoot different types of projectiles." (Id.) Plaintiff argues that Defendants are improperly attempting to "shirk their discovery obligations because the filing system they created makes finding grievances an arduous task." (Id., p. 5.)

  In Response, Defendants argue that they properly objected to Plaintiff's request. (Document No. 141.) First, Defendants explain that grievances are not categorized by the type of complaint asserted and "a representative of the Mount Olive Correctional Complex had estimated she would have to review and analyze what was thought at that time to be one thousand (1,000) grievances to

6

determine which grievances actually concern the use of Oleoresin Capsicum." (Id., p. 2.) Defendants now explain that upon further analysis, some two thousand eight hundred and eight-four (2,884) grievances were filed between September 1, 2012, and September 1, 2014. (Id.) Defendants complain that Kathy Dillon would be required "to look through these grievances, one by one, to determine which ones involved the use of Oleoresin Capsicum." (Id.) Defendants state that this would be a burdensome task. (Id.) Defendants explain that Ms. Dillon's job duties require her to complete administrative tasks at the request of the Warden of MOCC, Central Office, and outside counsel. (Id.) Defendants assert that Ms. Dillon "is not in a position where she can devote all of her time each day to reviewing these two thousand eight hundred eighty four (2,884) grievances." (Id.) Defendants state that "Ms. Dillon estimates that it would take at the very least forty-five (45) to sixty (60) days to review all of these grievances and perhaps even more time." (Id.)

Second, Defendants argue that Plaintiff's Motion should be denied because "this Court ordered the Defendants to provide the Plaintiff with a listing of those civil actions in which inmates have sued the Division of Corrections or its representatives in actual civil actions involving the use of excessive force." (Id., pp. 2 - 3.) Defendants note that they have complied with the foregoing Order and Plaintiff has in his possession all grievances involving those cases. (Id., p. 3.) Defendants argue that any other grievance did not evolve into the filing of formal civil actions. (Id.)

Third, Defendants contend grievances involving the use of pepper ball guns, beanbag guns, rubber pellet guns, and gas guns are irrelevant because there is no dispute between the parties that the foregoing devices were not used upon Plaintiff. (Id.) Defendants state that although Plaintiff alleges that a defendant threatened to use a beanbag gun on him, there is no allegation that the beanbag gun was actually used against him. (Id.) Therefore, Defendants argue that Plaintiff's request

7

is irrelevant.

In Reply, Plaintiff argues that the requested information is relevant and not unduly burdensome. (Document No. 149.) Plaintiff contends that "even burdensome or expensive discovery will be required if it is relevant to the case." (Id., pp. 1 - 2.) Plaintiff further notes that discovery should be allowed "if the discovery will be burdensome only because of the way the Defendants keep their records." (Id.) Plaintiff further argues that Defendants' disclosure of civil actions filed against them does not render his request for grievances irrelevant. (Id., pp. 2 - 3.) Finally, Plaintiff claims that grievances involving the use of pepper ball guns, beanbag guns, rubber pellet guns, and gas guns are relevant because Defendant Hypes threatened to use a riot control rifle on him. (Id., p. 3.)

The undersigned finds that Plaintiff's Motion to Compel regarding Request for Production No. 1 should be granted. Defendants object to the above request claiming that it is irrelevant and unduly burdensome. First, the undersigned will consider whether Plaintiff's request for specific grievances filed against Defendants alleging improper use of OC spray, pepper ball guns, beanbag guns, rubber pellet guns, or gas guns is relevant. In his Complaint, Plaintiff alleges that Defendants used excessive force by improperly spraying him with OC spray on September 2, 2013 and subsequently threatening to shoot him with a "35 - 40mm riot control rifle." (Document No. 8.) Plaintiff further alleges that Defendants actions were the result of prison officials creating martial law allowing correctional officers discretion to use OC spray and riot type weapons. (Id.) The above requested information is relevant to the supervisory knowledge of misconduct of correctional officers. Accordingly, the undersigned finds that Request for Production No. 1 requests relevant information. See Laws v. Cleaver, 1999 WL 33117449 (D.Conn. Nov. 17, 1999)(permitting discovery of defendants' prior disciplinary hearings, administrative actions and any prior lawsuits,

but only to the extent that allegations were made for excessive force or mistreating an inmate); Cox v. McClellan, 174 F.R.D. 32, 34-35 (W.D.N.Y. June 11, 1997)(finding that prior complaints made against the defendants and incidents of excessive force by individual defendants are clearly discoverable in Section 1983 actions); Cornelius v. Consol. Rail Corp., 169 F.R.D. 250, 251-52 (N.D.N.Y. 1996)(evidence of prior claims and lawsuits is relevant and discoverable, regardless that it later may be inadmissible at trial). The undersigned further finds that Defendants' disclosure of civil actions filed against them does not render the above request for grievances irrelevant. The Court finds that the fact that an inmate fails to file a civil action following completion of the administrative remedy process does not render the grievance irrelevant as to whether a supervisory official was put on notice of a defendant's alleged use of unnecessary force.

Next, the undersigned will consider whether Plaintiff's request is unduly burdensome. Discovery requesting relevant information may be restricted if necessary to protect a person or party from an undue burden. Fed.R.Civ.P. 26(c). To prevail upon an objection of burdensomeness, the objecting party must demonstrate how the request is burdensome by submitting affidavits or other evidence revealing the nature of the burden. See McKelvey v. Western Regional Jail, 2015 WL 2144668 (S.D.W.Va. May 7, 2015); Convertino v. United States Department of Justice, 565 F.Supp.2d 10, 14 (D.D.C. 2008)(the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden). In support of their burdensome objection, Defendants submit the Affidavit of Ms. Dillon. Ms. Dillon states that Plaintiff's request would be burdensome upon her individually because there are 2,884 grievances that would require individual review and her job duties will not allow her to devote her entire day

9

to reviewing the grievances. (Document No. 141-1.) The undersigned finds that the foregoing is inadequate. Although 2,884 grievances is a large number, the undersigned notes that grievances are typically very short in length. Next, the undersigned notes that Defendants argue it will take Ms. Dillon forty-five to sixty days to review the grievances. Defendants, however, fail to explain why the review of the grievances is limited solely to Ms. Dillon. The undersigned notes that it seems reasonable that additional DOC employees or employees of defense counsel could assist in this process. Based upon the foregoing, the undersigned finds that Defendants have failed to establish that Plaintiff's request is unduly burdensome. Based upon the foregoing, it is hereby **ORDERED** that Plaintiff's Motion to Compel (Document No. 123.) is **GRANTED**. Defendants are **ORDERED** to produce any documents responsive to the request to Plaintiff on or before **July 31, 2015**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within 14 days. If objections are filed, the District Court, United States District Judge John T. Copenhaver, Jr. presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: July 9, 2015.

R. Clarke VanDervort
United States Magistrate Judge