UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**FRED D. DOUTY,**

    **Plaintiff,**

v.                                    Civil Action No. 2:13-32832

**JIM RUBENSTEIN, DAVID BALLARD,
PAUL PERRY, RONNIE WILLIAMS,
DANIEL HAHN, ANDREW HUDSON,
JOSHUA HYPES, CHRIS HESS,
NICHOLAS BOYCHUCK, and JOE
WIMMER,**

    **Defendants.**

MEMORANDUM OPINION AND ORDER

Pending is defendants' motion for summary judgment (ECF No. 169), filed on September 23, 2015.

This action was previously referred to Omar J. Aboulhosn, United States Magistrate Judge, who has submitted his Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  The magistrate judge recommends that defendants' motion for summary judgment be granted as to defendants Rubenstein, Perry, Williams, and Hahn, as well as to plaintiff's claim against defendant Hudson relating to the use of force on September 30, 2013, and that it be denied as to all remaining claims.

On April 27, 2016, the PF&R was filed. On May 18, 2016, the court received plaintiff's objections to the PF&R.[1] No objections were received from defendants. In his objections, plaintiff addresses only the magistrate judge's recommendation that the court grant summary judgment as to the alleged excessive use of force by Hudson on September 30, 2013. In particular, plaintiff argues that there remains a material factual dispute over whether Hudson was privileged to apply force in an attempt to gain compliance with an order he had issued to the plaintiff. Plaintiff also takes issue with Hudson's characterization of his use of force.

It is undisputed that on September 30, 2013, Hudson attended plaintiff's disciplinary hearing and escorted plaintiff back to his cell. Plaintiff alleges that during this escort, Hudson smacked the plaintiff on the head. In his affidavit supporting summary judgment, Hudson states that these escorts are considered "high risk" and that while they were en route, plaintiff "quickly turned his head to the left." (ECF No. 169-3 at 4). Hudson claims he responded by "placing [his] hand on the back of [plaintiff's] neck and redirecting him to a straight

---

[1] The deadline for objections to the magistrate judge's PF&R was May 16, 2016. Inasmuch as the plaintiff's objections are dated May 12, 2016 and postmarked May 16, 2016, the court addresses the substance of the objections notwithstanding their receipt by the court two days after the deadline.

2

forward position along with giving him verbal directions explaining the high risk escort procedures and advising him not to turn his head." Id. Plaintiff disputes receiving instructions not to turn his head prior to being smacked on the head by Hudson.

In the PF&R, the magistrate judge concludes:

> It is undisputed that Plaintiff disobeyed orders to look straight forward during his escort back to [the unit]. Plaintiff acknowledges that he looked towards another inmate and nodded his head to say "hi." Even assuming Defendant Hudson smacked Plaintiff in the back of the head, it is clear that the force used by Defendant Hudson was applied to gain Plaintiff's compliance with the order to look straight forward. The undersigned, therefore, finds that Defendant Hudson was privileged to use force to make Plaintiff comply with orders to look forward and not make contact with other inmates during his escort to [the unit].

(ECF No. 201 at 50). In his objection, plaintiff disputes whether an initial order to look forward was issued by Hudson, justifying a privileged use of force. However, notwithstanding this objection, the court concludes that summary judgment on the claim stemming from this incident is proper. Even assuming that Hudson was not privileged to use force, and taking all facts in the light most favorable to the plaintiff, those facts do not demonstrate that Hudson acted "maliciously and sadistically for the very purpose of causing harm," as is required to sustain an excessive force claim. Hudson v. McMillian, 503 U.S. 1, 7 (1992) (internal quotations omitted). In addition, the

3

plaintiff has not shown that the use of force was "nontrivial." See Wilkins v. Gaddy, 559 U.S. 34, 39 (2010). While plaintiff's lack of injury is not dispositive,[2] an excessive force claim cannot succeed where an inmate alleges no more than "de minimis uses of force." Wilkins, 559 U.S. at 37-38 (quoting Hudson, 503 U.S. at 9) (noting that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim").

Following a de novo review, and having concluded that the objections lack merit, the court ORDERS that:

1. The PF&R be, and it hereby is, adopted and incorporated herein;

2. Defendants' motion for summary judgment be, and it hereby is, granted as to plaintiff's claims against defendants Rubenstein, Perry, Williams, and Hahn, granted as to plaintiff's claim against defendant Hudson for battery occurring on September 30, 2013, and otherwise denied; and

---

[2] As noted by the magistrate judge, the plaintiff has not produced evidence contradicting the medical records produced by defendants, which reflect that following the incident on September 30, 2013, the plaintiff was examined and showed "zero redness, swelling, bruising or sign of being hit . . . [and] [z]ero signs of distress at this time." (ECF No. 172-3 at 5).

4

3.      Defendants Rubenstein, Perry, Williams, and Hahn be, and they hereby are, dismissed from this action.

The Clerk is directed to forward copies of this written opinion and order to the plaintiff, all counsel of record, and the magistrate judge.

            DATED:    June 15, 2016

            John T. Copenhaver, Jr.
            United States District Judge

5